UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY JOSEPH MELTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 4:24-cr-2623-JPG

## MEMORANDUM AND ORDER

    This matter comes before the Court on merit review for a writ of habeas corpus pursuant to 18 U.S.C. § 2241. (Doc. 1). Melton filed his petition on December 13, 2024. Being duly advised in the premises having fully considered the issues and arguments raised, the Court finds that he is not entitled to relief currently and, therefore, his petition must be **DISMISSED**.

    In his habeas petition, Melton argues that his sentence has been calculated incorrectly. While he was initially convicted in Iowa, he is currently incarcerated at the United States Penitentiary in Marion, Illinois. Melton makes three claims:

1. He is entitled to time credit under the First Step Act of 2018 because he has been erroneously categorized as being high risk for recidivating;

2. He has been incorrectly denied placement in a Residential Reentry Center (RCC) or halfway house; and

3. He has been erroneously stripped of 130 hours of FSA time credit without cause upon requesting administrative review of his two other claims.

    Regarding his first claim—that he is erroneously being held at a higher risk of recidivism despite completing multiple evidence-based recidivism reduction (EBRR) programs—Melton

1

asks that this Court inquire into BOP's determination of his risk of recidivism and pass judgment on the efficacy of their assessment. He argues that since *Chevron* has been overturned, not only does this Court now have the power to review the BOP's evaluation of his recidivism risk, he also argues that without *Chevron* deference, BOP's interpretation of the First Step Act of 2018 is incompatible with the law.

While *Chevron* is no longer good law, the Supreme Court did not overturn all deference to administrative agencies:

> Courts may—as they have from the start—seek aid from the interpretations of those responsible for implementing particular statutes. Such interpretations "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance" consistent with the APA.

*Loper Bright Enterprises v. Raimondo*, 603 U.S. ___ at 10 (2024) (quoting *Skidmore et al. v. Swift & Co.*, 323 U.S. 134, 140 (1944)). *Skidmore* lays out multiple factors to consider: "the thoroughness evident in [the agency's] consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." 323 U.S. at 140. This standard applies to general interpretations and implementations of the statute, not individualized assessments. There is no indication, nor has the petition alleged, that the BOP gave its EBRR policy less-than-adequate consideration, relied on invalid reasoning, or was inconsistent with future or past policies.

Congress specifically empowered the Bureau of Prisons to create and administer the EBBR program; Congress specifically laid out the recidivism categories and provided that prisoners be given a meaningful way to reduce their recidivism risk; but Congress did *not* create specific thresholds for when a convict's recidivism risk changes based on a set number of EBRR program completions. In absence of Congressional specificity, the Bureau of Prisons has discretion to interpret the statute, administer the program, and come to its own, reasoned

2

interpretation as to what qualifies. It is not the place of this Court to second-guess the BOP's individualized assessment for each prisoner's recidivism risk. If that were the case, every prisoner would file a habeas petition arguing that they have been incorrectly categorized as having a high recidivism risk rather than a low or minimum risk.

The Petitioner argues that he has been incorrectly held at a higher recidivism risk despite completing EBRR programs—that his points have been "capped." The Petitioner does not present any evidence to support this claim, however, the Court observes that the PATTERN score sheet that the Bureau of Prisons uses in making its individualized assessment indicates that after completing ten EBRR courses, no more points are assigned for completing more. *See Male PATTERN Risk Scoring*, BUREAU OF PRISONS, https://www.bop.gov/inmates/fsa/docs/male_pattern_form.pdf?v=1.3 (last visited Apr. 9, 2025). While the Court commends the Petitioner for taking full advantage of his time while incarcerated to better himself with as many EBRR courses as he can, he has the burden of proving that the BOP's policy judgment of capping the amount of points earned after completing ten EBRR programs was invalid, not thoroughly considered, or in conflict with previous or subsequent policies—he has not.

Accordingly, the Court will decline the Petitioner's invitation to open Pandora's box by allowing judicial review of individualized assessments on recidivism risk. Congress did not delegate the authority to evaluate recidivism risk to the judiciary; Congress delegated that authority to the Bureau of Prisons, and there it will remain until such a time as Congress decides otherwise. Consequently, his first claim is meritless.

Turning to his second claim, for similar reasons, that claim is likewise meritless—decisions on residential re-entry programs, halfway houses, and prison placement are well and

firmly within the Bureau of Prisons' discretion and, thus, individualized review of those decisions would also be inappropriate.

Moving to his third claim—that he was stripped of 130 hours of FTC credit while seeking administrative review—this claim is not clearly meritless. If the Petitioner was actually stripped of 130 hours of FTC with no due process, that would be the exact kind of situation where habeas relief under § 2241 would be warranted. However, this claim is tacked-on; it is not the central focus of his petition. This poses an issue; exhaustion is required for the *specific* claims alleged in the habeas petition. The fact that the claim appears tacked-on, in addition to his claim that it was *during* administrative review that he was stripped of time credit, suggest that he did not exhaust his administrative remedies with respect to that specific claim and, consequently, has not satisfied the exhaustion requirement.

Therefore, while the Petitioner has alleged that he exhausted his administrative remedies this is only partially true. He has exhausted for his meritless claims, but there is no evidence that he has exhausted his administrative remedies for his not-obviously-meritless claim. As the Petitioner fails to provide the documentation supporting his claims of exhaustion, the Court cannot determine that he has exhausted his administrative remedies in regards to that specific claim. The Petitioner bears the burden of showing that he exhausted his remedies prior to filing, but he has failed to meet that burden.

In short, the Petitioner's first and second claims are meritless because they would inappropriately interfere with Congress's delegation of authority to the Bureau of Prisons and must be dismissed. Likewise, the Petitioner's third claim must be dismissed, but not because that claim is obviously meritless; rather, it must be dismissed because he has failed to show he has exhausted his administrative remedies with respect to that specific claim—the claim that he was

stripped of 130 hours of FTC time without due process.

The Petitioner's petition references multiple, unspecific changes of law that would entitle him to release; but he does not lay out those arguments. As the Petitioner he bears the burden and he has failed to meet the burden for proving his relief on any of these other vague claims.

## **CONCLUSION**

Finding that the Petitioner has failed to show that he has exhausted his administrative remedies prior to filing for one claim, and finding that his other claims are obviously meritless, the Petitioner is not entitled to habeas relief. Accordingly, the Court hereby **DISMISSES** this petition. (Doc. 1).

That dismissal is *with* **prejudice** against his first and second claims surrounding alleged erroneous PATTERN categorization and improper denial of half-way house or residential re-entry placement.

That dismissal is *without* **prejudice** against his third claim—that he was stripped of 130 hours of FSA time credit without due process—meaning he may refile a § 2241 after he has exhausted his administrative remedies with respect to that claim. However, any future § 2241 petition should include copies of the administrative appeal forms BP-9, BP-10, and BP-11, as attachments.

**IT IS SO ORDERED.**
**DATED:  April 28, 2025**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**